# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ANTONIO LEE BLANCHARD,         )

                           )

          Plaintiff,         )     08 C 5037

                           )

     vs.                    )     Honorable Judge

                           )     Robert Gettleman

SUPERINTENDENT ANDREWS,      )

CHIEF D. HOWELL #117          )     Magistrate Judge Cole

CAPTAIN DARCY, LIEUTENANT TUCKER,  )

SERGEANT DEW, CORRECTIONAL      )

OFFICER MOORE,                )

                           )

          Defendants.     )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COME Defendants, SUPERINTENDENT ANDREWS, CHIEF D. HOWELL, CAPTAIN DARCY, LIEUTENANT TUCKER, SERGEANT DEW, AND CORRECTIONAL OFFICER MOORE, through their attorney, ANITA ALVAREZ, State's Attorney of Cook County, and her Assistant State's Attorney Ronald Weidhuner, hereby moves this Honorable Court to grant Summary Judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure. In support thereof, Defendants state as follows:

## I. INTRODUCTION

Plaintiff brings this action against Defendants Superintendent Andrews, Chief D. Howell, Captain Darcy, Lieutenant Tucker, Sergeant Dew, and Correctional Officer Moore pursuant to 42 U.S.C. § 1983 alleging a policy of illegal strip searches under the Fourth and eighth Amendment.

Plaintiff alleges upon entry into the jail on February 8, 2008 and when returning from court to the jail on February 14 and 29, 2008, March 20 and 21, 2008, April 28, 2008, May 29,

2008 and lastly on July 15, 2008 he was subjected to strip searches with approximately 35 other inmates. (Rule 56.1(a) ¶2.) On the July 15, 2008, Officer Moore made all the detainees being strip searched stand there about 4 seconds longer because plaintiff initially refused to strip, and Officer Moore stated "you all can thank your fellow detainee Blanchard for this." ((Rule 56.1(a) ¶3.) Plaintiff was humiliated and complained to Chief Howell and Howell stated "what do you want me to do about it? It's over now. (Rule 56.1(a) ¶4.) In regards to injuries plaintiff claimed he was "disgusted and confused by these actions. (Rule 56.1(a) ¶5.) Plaintiff was humiliated. (Rule 56.1(a) ¶6.) Plaintiff admitted that he never received any injuries as a result of these searches. No guards ever beat him, no detainees jumped him, nor was he threatened by any inmate. (Rule 56.1(a) ¶7.) Plaintiff concluded with that the jail is a dangerous place and he was nervous about Officer Moore's comment and what could happen. (Rule 56.1(a) ¶8.)

## II.  STANDARD OF REVIEW

Under Rule 56(c), summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Tesch v. County of Green Lake*, 157 F.3d 465, 471 (7th Cir. 1998). In a motion under Rule 56, the moving party has the burden of establishing the lack of any genuine issue of material fact.

Once the moving party has shown the absence of a genuine issue of material fact, the non-movant cannot simply rest on the allegations or in the pleadings. *Lopez v. City of Chicago*, 2004 U.S. Dist. LEXIS 5371, *4 (N.D. Ill. March 31, 2004)(Der-Yeghiayan, J.). The non-moving party must bring forth specific facts through affidavits or other materials to show that there is a genuine issue of material fact requiring a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,

324, (1986). However, neither "the mere existence of some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986), nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986), is sufficient to defeat a motion for summary judgment.

## ARGUMENT

## PLAINTIFF HAS NOT SUFFERED AN ACTUAL INJURY

Plaintiff has failed to demonstrate any causal connection between the alleged illegal search and any resultant injury. There is no tort without an injury, and this is true of constitutional as well as ordinary torts. *Niehus v. Liberio*, 973 F.2d 526, 532 (7th Cir. 1992). Plaintiff must show that he actually suffered an injury, and if no injury is present, then no compensatory damages may be awarded. *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986); *See also Carey v. Piphus,* 435 U.S. 247, 254 (1978).

The basic purpose of § 1983 damages is "to *compensate persons for injuries* that are *caused* by the deprivation of constitutional rights; and, further, that plaintiffs should be required to prove not only that their rights were violated, but also that injury was *caused* by the violation, in order to recover substantial damages." *Piphus*, 435 U.S. at 254 (emphasis added). The court may award the plaintiff damages only if he can prove that the denial of his constitutional rights resulted in an actual injury. *See Stachura,* 477 U.S. at 308; *see also Watseka v. Illinois Public Action Council,* 796 F.2d 1547, 1558-59 (7th Cir. 1986). Plaintiff's claims fail in the instant case because no violation of his constitutional rights occurred and he has not sustained an actual injury.

An Actual Physical injury is required by the Prison Litigation Reform Act.

Apart from meeting the objective and subjective components of the "Deliberate Indifference" Analysis, a plaintiff must also demonstrate physical injury resulting from his

conditions of confinement. The Prison Litigation Reform Act ("PLRA") prohibits claims for mental or emotional injury without a prior showing of physical injury. 42 U.S.C. § 1997e(e) of the PLRA provides:

> No Federal Civil Action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e).

*See Cassidy v. Indiana Dep't of Corrections*, 199 F.3d 374, 375 (7th Cir. 2000) (Section 1997e(e) barred blind inmate's claims for damages for mental and emotional injuries under the Americans with Disabilities and Rehabilitation Act).

Plaintiff has not alleged any injury other than mental and emotional injuries to wit, disgusted and confused, humiliated, and generally in fear, none of these feelings are physical injuries.

Therefore plaintiff's allegations and complaint should be dismissed pursuant to this Motion for summary judgment.

## CONCLUSION

WHEREFORE, for all the foregoing reasons Defendants Superintendent Andrews, Chief D. Howell, Captain Darcy, Lieutenant Tucker, Sergeant Dew, and Correctional Officer Moore respectfully request that this Honorable Court grant their respective motions for summary judgment along with fees, costs and such other relief as this court deems just and appropriate.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: /s/ Ronald Weidhuner 6194834
Paul W. Groah
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5527