IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO LEE BLANCHARD, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 5037 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| SUPERINTENDENT ANDREWS, CHIEF D. ) | |
| HOWELL #117, CAPTAIN DARCY, ) | |
| LIEUTENANT TUCKER, SERGEANT DEW, ) | |
| CORRECTIONAL OFFICER MOORE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Antonio Lee Blanchard, a pretrial detainee at the Cook County Jail, filed a one-count amended complaint under 42 U.S.C. § 1983 (2006), alleging that defendants Andrews, D. Howell, Darcy, Tucker, Dew, and Moore, all Cook County correctional officers employed at Cook County Jail, violated his Eighth Amendment right to be free of cruel and unusual punishment. Defendants filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Because plaintiff alleged no misconduct from any of the defendants other than defendant Moore, defendants' motion as to defendants Howell, Darcy, Tucker, and Dew is granted. For the reasons set forth below, the court also grants defendants' motion as to defendant Moore.

## BACKGROUND

Plaintiff was detained at Cook County Jail beginning February 8, 2008, for court dates on February 14, February 29, March 20, March 24, April 28, May 29 and June 15 of that year. When plaintiff returned to the jail from his court dates, guards performed strip searches on him and the other detainees returning to the prison. On June 15, 2008, however, plaintiff refused to strip when requested to by defendant Correctional Officer Moore. Officer Moore then told

plaintiff that if plaintiff continued to refuse, there would be problems for the other detainees. In response, plaintiff stripped. After the search was conducted, Officer Moore had the inmates stand naked for four more seconds, telling them they could "thank [their] fellow detainee Blanchard for this." Plaintiff alleges that the extra four seconds he had to remain naked, and Officer Moore's statement, violated his Eighth Amendment right to be free from cruel and unusual punishment.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(c)(2), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." The initial burden is on the moving party to demonstrate the absence of issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party can do so, the burden shifts to the non-moving party to "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). In deciding a motion for summary judgment, the court construes all facts in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## DISCUSSION

In cases involving strip searches of prisoners, the Eighth Amendment of the United States Constitution prohibits "unnecessary and wanton infliction of pain . . . that is 'so totally without penological justification that it results in the gratuitous infliction of suffering." *Calhoun v. Detella*, 319 F.3d 936, 939 (7th Cir. 2003) (quoting *Gregg v. Georgia.*, 428 U.S. 153, 173, 183 (1976)). When pretrial detainees are strip searched, however, the Eighth Amendment does not

2

apply; rather, the appropriate standard is the Due Process Clause of the Fourteenth Amendment. *Streeter v. Sheriff of Cook County*, 576 F. Supp. 2d 913, 917 (N.D. Ill. 2008). Despite this distinction, courts have held that "[t]he analysis under the Due Process Clause is essentially the same as the Eighth Amendment inquiry." *Id.*; *see also Hart v. Sheahan*, 396 F.3d 887, 892-93 (7th Cir. 2005). Thus, to establish that the search in question violated his Fourteenth Amendment rights, plaintiff must demonstrate that: "(1) the strip search was not rationally related to a legitimate security interests; and (2) it was conducted in a harassing manner intended to humiliate and inflict psychological pain." *Hollgarth v. Dawson*, No. 05-2125, 2007 WL 2812151, at *14 (C.D. Ill. 2007).

As a preliminary matter, plaintiff's claims as to defendants Howell, Darcy, Tucker, and Dew must be dismissed. To survive a motion for summary judgment, a plaintiff's claim must "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Celotex*, 477 U.S. at 324. Plaintiff makes no allegations that any Cook County Jail employee participated in the strip search other than Officer Moore. Thus, no facts have been alleged to support his § 1983 claims against the other defendants, and summary judgment is granted in their favor.

Plaintiff argues that the search conducted by Officer Moore lacked any legitimate penological justification other than causing him humiliation and psychological pain. Plaintiff argues, in essence, that the extra four seconds plaintiff and the other detainees were forced to remain unclothed served no purpose other than to punish plaintiff. Further, plaintiff argues that "there could not have been any other reason behind Officer Moore's [statement to the other

detainees that "Y'all can thank your fellow detainee Blanchard for this"] than to make them blame Mr. Blanchard for their humiliation and respond against [plaintiff] . . . ."

Plaintiff's argument ignores the fact that plaintiff refused to comply with Officer Moore's original order to strip – an order that plaintiff does not allege was improper. In *Stewart v. Lyles*, 66 F. App'x 18, 20 (7th Cir. 2003), the plaintiff prisoner was subject to two body cavity searches after complaining to guards that the strip searches they sought to conduct violated Department of Corrections protocol. In finding that the plaintiff stated a sufficient Eighth Amendment claim, the court of appeals noted that because the plaintiff never refused to comply with the guards' orders to undress, the body cavity searches were reprisal and "not motivated by security *or compliance* concerns . . . ." *Id.* at 21 (emphasis added). Thus, the body cavity searches lacked legitimate penological justification and violated the Eighth Amendment. *Id.*

In the instant case, however, plaintiff admits that he refused to strip when initially ordered to do so by Officer Moore. Plaintiff's refusal to strip distinguishes this case from *Stewart*. Officer Moore possessed a legitimate penological interest in assuring compliance with his directives, and the extra four seconds the prisoners had to stand naked resulted from plaintiff's initial refusal to comply.

Plaintiff also argues that he should be entitled to recover absent evidence of actual injury. Under 42 U.S.C. 1997e(e), prisoners are barred from bringing civil actions for compensatory damages resulting from psychological injury. *Calhoun*, 319 F.3d at 940-42. Courts have noted that this does not bar prisoners from seeking nominal or punitive damages for psychological injury. *Id.*; *Stewart v. Lyles*, 66 F. App'x 18, 21 (7th Cir. 2003); *Agrawal v. Briley*, No. 02 C 6807, 2006 WL 3523750, at *13 (N.D. Ill. 2006). Thus, a prisoner can recover nominal damages

4

simply by demonstrating that his due process rights were violated. *Calhoun*, 319 F.3d at 941-42. Yet, as previously noted, because plaintiff failed to establish that the search lacked a legitimate penological justification, his due process rights were never violated. Therefore, he could not recover any nominal damages.

Moreover, the facts presented could not support an award of punitive damages. For punitive damages to be awarded for an alleged violation of a detainee's constitutional rights, a plaintiff must show that the defendant possessed "evil motive or intent, or . . . reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). In *Fillmore v. Page*, 358 F.3d 496, 501 (7th Cir. 2004), the plaintiff prisoner was strip searched five times consecutively in the presence of other guards. Prior to conducting the search, one of the guards made the statement, "You all have had it now." *Id.* In upholding the district court's finding that the search lacked malicious intent and involved a de minimis use of force, the court of appeals found the length of the search highly important: "[The plaintiff] was given ample time to undress and dress, and the total examination portion of the search does not appear to have lasted more than a few seconds." *Id.* at 505. Moreover, the court stressed that "[t]he principal injury . . . was humiliation: nowhere did [the plaintiff] allege that the strip search was conducted in a violent manner." *Id.*

Similarly, plaintiff in the instant case alleges that Officer Moore subjected him only to four more seconds of nudity. Plaintiff alleges that he suffered humiliation, but does not claim that the search was conducted in a violent or needlessly humiliating manner. While plaintiff alleges that Officer Moore's statement made him fear reprisal from other inmates, he fails to allege any actions taken or threatened against him by the other inmates. Although Officer

5

Moore's remark to the other inmates might have been unprofessional and ill-advised, the conduct at issue was de minimis. Consequently, the uncontested facts demonstrate that plaintiff cannot establish the requisite "evil motive" needed to support an award of punitive damages. Dr. Moore is therefore entitled to summary judgment.

## **CONCLUSION**

For the reasons stated herein, defendants' motion for summary judgment is granted.

**ENTER:** October 12, 2010

_____
**Robert W. Gettleman**
**United States District Judge**